# UNITED STATES DISTRICT COURT

District of Nevada

UNITED STATES OF AMERICA
v.
OLEN S. KNOTTS

**AMENDED Judgment in a Criminal Case**
(For a Petty Offense)

Case No. 2:10-CR-548-PMP-GWF

USM No. 44191-048

Rebecca Rosenstein, AFPD
Defendant's Attorney

**THE DEFENDANT:**

X **THE DEFENDANT** pleaded X guilty ☐ nolo contendere to count(s) ONE OF THE INFORMATION

☐ **THE DEFENDANT** was found guilty on count(s) ______

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 17 USC 506(a)(1)(A) & 18 USC 2319(b)(3) | Copyright Infringement | 2/2009 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 9549

Defendant's Year of Birth: 1963

City and State of Defendant's Residence:
Henderson, NV

6/27/2011
Date of Imposition of Judgment

[signature]
Signature of Judge

PHILIP M. PRO, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

June 27, 2011
Date

DEFENDANT: OLEN S. KNOTTS
CASE NUMBER: 2:10-CR-548-PMP-GWF

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 25.00 | $ 0 | $ 3,500.00 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Adidas International<br>Attn: Jeni Zuercher<br>5055 North Greeley Avenue<br>Portland, Oregon 97217 | | 3,500.00 | |
| **TOTALS** | $ 0 | $ 3500 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: OLEN S. KNOTTS
CASE NUMBER: 2:10-CR-548-PMP-GWF

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** X Lump sum payment of $ 25.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of probation will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

**THE RESTITUTION AMOUNT OF $3,500.00 IS PAYABLE JOINTLY AND SEVERALLY WITH THE CO-DEFENDANT CARLA KNOTTS IN CASE NO. 3:09-CR-00113-MPM-SAA (NORTHERN DISTRICT OF MISSISSIPPI).**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Co-Defendant Carla Knotts, Case No. 3:09-cr-00113-MPM-SAA (Northern District of Mississippi.)

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: OLEN S. KNOTTS
CASE NUMBER: 2:10-CR-548-PMP-GWF

## PROBATION

The defendant is hereby sentenced to probation for a term of: **THREE (3) YEARS**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

X The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes restitution or a fine, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: OLEN S. KNOTTS
CASE NUMBER: 2:10-CR-548-PMP-GWF

## SPECIAL CONDITIONS OF SUPERVISION

1. YOU SHALL NOT POSSESS, HAVE UNDER YOUR CONTROL, OR HAVE ACCESS TO ANY FIREARM, EXPLOSIVE DEVICE, OR OTHER DANGEROUS WEAPONS, AS DEFINED BY FEDERAL, STATE, OR LOCAL LAW.

2. YOU SHALL SUBMIT YOUR PERSON, PROPERTY, RESIDENCE, PLACE OF BUSINESS AND VEHICLE UNDER YOUR CONTROL TO A SEARCH, CONDUCTED BY THE UNITED STATES PROBATION OFFICER OR ANY AUTHORIZED PERSON UNDER THE IMMEDIATE AND PERSONAL SUPERVISION OF THE PROBATION OFFICER, AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISION; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO A SEARCH PURSUANT TO THIS CONDITION.

3. YOU SHALL BE PROHIBITED FROM INCURRING NEW CREDIT CHARGES, OPENING ADDITIONAL LINES OF CREDIT, OR NEGOTIATING OR CONSUMMATING ANY FINANCIAL CONTRACTS WITHOUT THE APPROVAL OF THE PROBATION OFFICER.

4. YOU SHALL PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION, INCLUDING PERSONAL INCOME TAX RETURNS, AUTHORIZATION FOR RELEASE OF CREDIT INFORMATION, AND ANY OTHER BUSINESS FINANCIAL INFORMATION IN WHICH YOU HAVE A CONTROL OR INTEREST.